IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN G. ARGIROPOULOS | : | |
| | : | |
| v. | : | CIVIL NO. CCB-06-385 |
| | : | |
| GEORGE KOPP | : | |

...o0o...

**<u>MEMORANDUM</u>**

Defendant George Kopp has moved to set aside the Clerk's order of default entered March 15, 2006, under Fed. R.Civ. P. 55(c). Because he has proffered virtually no evidence to suggest that he has a meritorious defense, the motion will be denied and judgment as to liability will be entered.

An entry of default may be set aside for "good cause shown." Fed. R. Civ. Pro. 55(c). The defendant must act with reasonable promptness and allege a meritorious defense. *Wainwright Vacations, LLC. v. Pan American Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001), *H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 252 (D. Md. 2000). While a somewhat more lenient standard applies to a motion to vacate a default entered under Rule 55(c) rather than Rule 60(b), *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987), a moving party under Rule 55(c) must nevertheless present "evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). A "bare allegation of a meritorious defense" is insufficient to vacate an entry of default. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Co.*, 383 F.2d 249, 252 (4th Cir. 1967).

In this case, Kopp acted reasonably promptly by filing his motion within a month of the entry of default. His proffer of a meritorious defense, however, is nothing more than a one

sentence conclusory denial.[1]  Given the specific details of the defamatory statements and assault alleged in the complaint, Kopp's bald denials do not suffice to establish a defense on which a jury might rely to find in his favor.  *See Moradi*, 673 F.2d at 727.  Nor, considering the affidavits of both John and Kathleen Argiropoulos, does his proffer of a lack of diversity jurisdiction carry any weight.

Accordingly, the motion to set aside default will be denied and default judgment will be entered in favor of the plaintiff as to liability, with damages to be determined in a separate proceeding.

A separate Order follows.

October 5, 2006                                        /s/
        Date                                     Catherine C. Blake
                                                 United States District Judge

---

[1] "I deny the factual allegations of the Complaint, deny that I made the allegedly defamatory statements attributed to me in the Complaint, and deny that I assaulted Plaintiff as alleged in the Complaint."  (Kopp Aff. ¶ 9.)

2